UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR.,

        Plaintiff,

v.

DONALD JOHN TRUMP,

        Defendant.

CASE NO. 3:23-CV-6191-JHC-DWC

REPORT AND RECOMMENDATION

Noting Date: February 9, 2024

        Plaintiff John Demos, Jr., a state prisoner, has filed an application for leave to proceed *in forma pauperis* ("IFP") and a proposed civil rights complaint. Dkts. 1-1; 3. As discussed below, the Court finds the proposed complaint should be dismissed without prejudice and the IFP application should be denied as moot.

        Plaintiff was convicted in 1978 of attempted rape and first-degree burglary and received an indeterminate sentence of 240 months to life in prison. *See State v. Demos*, 94 Wash. 2d 733, 734 (1980). Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme

REPORT AND RECOMMENDATION - 1

1  Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993) (per curiam). Bar orders of this

2  Court provide that Plaintiff may submit only three IFP applications and proposed actions each

3  year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ["1992 Bar

4  Order"]; *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15,

5  1982). The 1992 Bar Order further provides that this Court will not accept for filing a proposed

6  complaint unless it "is accompanied by an affidavit that the claims have not been presented in

7  any other action in any court and that [Plaintiff] can and will produce evidence to support his

8  claims." 1992 Bar Order at 3. Additionally, under 28 U.S.C. § 1915(g), Plaintiff must

9  demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had

10 numerous prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos*

11 *v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

12        Plaintiff may not proceed with this action. In the proposed complaint, Plaintiff alleges

13 claims against Donald Trump. Dkt. 1-1. Plaintiff's proposed complaint does not contain "a

14 plausible allegation that [he] faced imminent danger of serious physical injury at the time of

15 filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted). It also

16 is patently frivolous. Moreover, Plaintiff filed this case in 2023 and, at the time of filing, had

17 filed more than his annual limit of three IFP actions for 2023. *See Demos v. Wash. State Dep't of*

18 *Corr.*, 2:22-cv-00502-LK-JRC (W.D. Wash. 2022); *Demos v. State of Wash. et al.*, 2:22-cv-

19 00489-RSM-BAT (W.D. Wash. 2022); *Demos v. Satterberg*, 2:22-cv-00271-JHC (W.D. Wash.

20 2022).

21        Accordingly, the undersigned recommends Plaintiff's proposed complaint (Dkt. 1-1) be

22 dismissed without prejudice, the IFP application be denied as moot (Dkt. 3), and this case be

23 closed.

24

REPORT AND RECOMMENDATION - 2

1 | Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on February 9, 2024, as noted in the caption.

Dated this 23rd day of January, 2024.

David W. Christel
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 3